UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

SHIRLEY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

    Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHIRLEY JOHNSON (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

## **PRELIMINARY ALLEGATIONS**

1. Plaintiff, SHIRLEY JOHNSON, is a citizen and resident of Moreno Valley, California.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida at 3655 Northwest 87th Avenue, Miami, Florida 33178.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship (Plaintiff is a citizen of California and Defendant is a citizen of Florida) under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
    b. Was engaged in substantial and not isolated activity within this state;
    c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;

    d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
    f. Operated vessels in the waters of this state;
    g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL IMAGINATION.

5.    Defendant is subject to the jurisdiction of the courts of this state.

6.    The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.    At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL IMAGINATION.

8.    At all times material hereto, Defendant had exclusive custody and control of CARNIVAL IMAGINATION. The ship was designed, in whole or in part, by Defendant and built exclusively for Defendant with Defendant intimately involved in the ship's build at Kvaerner Masa-Yards.

9.    On or about January 16, 2019, Plaintiff was a passenger aboard CARNIVAL IMAGINATION which was in navigable waters.

10.    As a result of her age (69 at the time of her cruise) and pre-existing spine conditions (scoliosis and at least one herniation), Plaintiff had difficulties walking, particularly long distances. As such, when booking the cruise directly with Defendant in September/October 2018, her son, Damian Johnson, requested an ADA-accessible cabin. The availability of an accessible cabin was confirmed by Defendant and Plaintiff was booked and placed a deposit on an accessible cabin.

11.    Thereafter, Mr. Johnson advised Defendant that he needed a larger cabin to accommodate additional family members and was advised by Defendant that this was not a problem and he could be accommodated into a larger accessible cabin.

12.    Approximately one month prior to sailing, when Mr. Johnson called Defendant to make the final payment, he again asked for confirmation from Defendant that the family's cabin was an accessible cabin. For the first time, Defendant now advised that the cabin was not "fully

accessible" but would be able to accommodate Plaintiff and that the only thing it could do was to upgrade Mr. Johnson to a suite at an added charge of $1,400, something the family could not afford.

13. Up until this point, a mere month before sailing, Plaintiff, through Mr. Johnson, had been assured by Defendant that her cabin was an accessible cabin.

14. Contrary to all of Defendant's prior representations, the cabin was separated from the bathroom by an unreasonably high step; other than having to go over the step, there was no other means for Plaintiff to enter or exit the cabin bathroom and Defendant provided no alternative means. In addition there were no handrail or grab bars in the cabin.

14. After observing the cabin, Mr. Johnson requested a change of cabin but was told by Defendant that no other cabins were available.

15. On January 16, 2019, as Plaintiff attempted to enter her cabin bathroom, she was caused to fall over the unreasonably high step between the cabin and the bathroom.

16. Despite previously having been refused a change of cabin, after Plaintiff's fall, one of Defendant's Managers apologized to Mr. Johnson and only now offered to move the family to another cabin.

17. As a consequence, Plaintiff sustained injury to her right knee for which she has necessitated medical care.

18. In addition, in February 2019, as a result of the right knee injury, Plaintiff suffered a fall at home and sustained a fracture of the left wrist.

19. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through nineteen (19) as though fully alleged herein.

20. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

21. On or about January 16, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

22. On or about January 16, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to truthfully and accurately represent the configuration of Plaintiff's cabin to her; and/or
   c. Failure to provide Plaintiff with a cabin of the configuration which had been represented and promised during the booking process; and/or
   d. Failure to provide Plaintiff with a reasonably safe cabin; and/or
   e. Failure to provide Plaintiff with a reasonably safe access to the bathroom in her cabin; and/or
   f. Failure to provide Plaintiff with an alternate reasonably safe manner to access the bathroom in her cabin; and/or
   g. Failure to inspect, maintain, and monitor the step between the cabin and bathroom to ensure it was reasonably safe for use by passengers, including Plaintiff, rendering the cabin unsafe; and/or
   h. Failure to promulgate and/or enforce adequate policies and procedures for inspection, maintenance, and monitoring to ensure that the step between the cabin and bathroom was reasonably safe for use by passengers, including Plaintiff, rendering the cabin unsafe; and/or; and/or
   i. Negligently designing and/or constructing the subject cabin/bathroom; and/or
   j. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered; and/or
   k. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident Plaintiff suffered; and/or
   l. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident Plaintiff suffered; and/or
   m. Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening. *See e.g., Simmons v. Carnival Corp.,* Case No. 19-Civ-23000-Altonaga (S.D.Fla. 2019).

23. Defendant created the foregoing conditions causing Plaintiff's accident.

24. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that

Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *See e.g., Simmons v. Carnival Corp.,* Case No. 19-Civ-23000-Altonaga (S.D.Fla. 2019).

25. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *See e.g., Simmons v. Carnival Corp.,* Case No. 19-Civ-23000-Altonaga (S.D.Fla. 2019).

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT II – FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through nineteen (19) as though fully alleged herein.

27. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

28. On or about January 16, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a dangerous condition known to Defendant.

29. On or about January 16, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to warn Plaintiff of a dangerous condition, to wit: an unreasonably high and dangerous step between the cabin and the bathroom.

30. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions. *See e.g., Simmons v. Carnival Corp.,* Case No. 19-Civ-23000-Altonaga (S.D.Fla. 2019).

31. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *See e.g., Simmons v. Carnival Corp.,* Case No. 19-Civ-23000-Altonaga (S.D.Fla. 2019).

32. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *See e.g., Simmons v. Carnival Corp.,* Case No. 19-Civ-23000-Altonaga (S.D.Fla. 2019).

33. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: December 23, 2019

        Respectfully submitted,

        **EDUARDO J. HERNANDEZ, LLC**
        *Attorneys for Plaintiff*
        10691 N. Kendall Drive - Suite 109
        Miami, Florida 33176
        Telephone: (305) 567-0910
        Facsimile: (786) 454-8905

By:   */s/ Eduardo J. Hernandez*
        EDUARDO J. HERNANDEZ
        Florida Bar No. 061451
        ehernandez@ejh-law.com