**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-cv-25259-BLOOM/LOUIS

SHIRLEY JOHNSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff's Amended Motion for Protective Order re Rule 35 Examination (ECF No. 44). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, to take all appropriate action on all discovery matters (ECF No. 9). A hearing was conducted on the Amended Motion for Protective Order on February 10, 2021, at which time the Motion was denied in part and granted in part. This Order largely memorializes that ruling, with one exception: Plaintiff's request that her son, Damien Johnson, be permitted to attend in person will be granted.

Plaintiff seeks a protective order from attending a medical examination noticed by Defendant, pursuant to Fed. R. Civ. P. 35. Plaintiff resists appearing for the examination in person, and seeks an order limiting her attendance for any such examination to a virtual or telemedicine examination. If her primary relief is denied, Plaintiff alternatively seeks an order permitting attendance at the CME by her son, Damien Johnson, and permitting her to record it. Plaintiff's Motion is predicated on her general poor health and advanced age; no justification is advanced for

her demand to record the examination.

This is not Plaintiff's first attempt at this relief. Plaintiff previously filed a Motion for Protective Order on January 20, 2021 (ECF No. 38), and a hearing was conducted on the Motion on January 22, 2021. At that time, I observed that Plaintiff's Motion lacked specificity about Plaintiff's condition and, considering Defendant's dispute over the factual predicate for her inability to attend, it was insufficient to carry her burden for a protective order. Yet Plaintiff's proffer raised enough concern about requiring Plaintiff's in-person attendance that an opportunity was afforded for Plaintiff to file an Amended Motion and meet her burden.

Plaintiff's Amended Motion for Protective Order is identical in all meaningful respects to the original. No further facts have been advanced regarding Plaintiff's limitations or activities that would enable me to assess the burden that an in-person examination would impose upon her. Nonetheless, and largely without objection from defense counsel, some accommodation will be made to facilitate the CME process.

The Motion is denied to the extent that she seeks an order requiring the examination to be conducted virtually. Plaintiff's proffer of infirmity has not been substantiated with evidence that would enable this Court to evaluate the relative burden on Plaintiff of appearing in person. Balanced against the fact, as noted by Defendant in its Response (ECF No. 46), that Plaintiff has attended in-person medical appointments during the Covid-19 pandemic, Plaintiff's aversion to attending *this* appointment in person rests on an unspecified, and unsupported, claim of infirmity that fails to meet her burden for a protective order.

Similarly, Plaintiff's explanation for demanding a third-party to be present at the CME was that she takes direction better from her son, who has been her sole caretaker for a decade and holds power of attorney for her. The only utility, or necessity, advanced for his presence then would be

to reiterate instructions from the examining doctor in the event that Plaintiff fails to perform those instructions: the example offered at the hearing was the doctor may instruct her to lift a limb, but Plaintiff might fail to do so unless and until Mr. Johnson repeats the instruction. At the hearing, defense counsel agreed that Mr. Johnson should be permitted to attend the examination if the physician conducting the examination determines that Mr. Johnson's attendance is necessary to facilitate communication.

In the balance of harms, I find that Mr. Johnson's presence at his mother's CME may be more beneficial than disruptive, and I accordingly grant the motion to the extent she seeks an order permitting Damian Johnson to be present. *Davanzo v. Carnival Cruise Lines*, No. 14-20153-CIV-LENARD, 2014 WL 1385729, at *5 (S.D. Fla. Apr. 9, 2014) (finding spouse's presence at contested CME would "not subvert the purpose" of the Rule 35 examination and thus permitting it). Mr. Johnson shall not interfere with the examination by suggesting information to the examining doctor (who has no reason likewise to pose any questions or requests to Mr. Johnson); his role is limited to assisting to communicate the physician's questions and instructions to the Plaintiff.

Finally, Plaintiff's request to record the examination is denied.

**DONE AND ORDERED** in Miami, Florida this 11th day of February, 2021.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE